EASTERN DIST.
*May*, 1837.

BRANDER ET AL.
*vs.*
NEW-ORLEANS
COTTON PRESS CO.

---

## BRANDER ET AL. *vs.* NEW-ORLEANS COTTON PRESS CO.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In doubtful cases the lowest sum is the safest rule to establish the amount of loss : So, in allowance of a claim for loss of cotton from several parcels, when the evidence is not clear, the lowest price of the different parcels will be taken as the standard, instead of the average.

The owner cannot claim for loss on cotton delivered back in a damaged state, when he fails to prove that it was received in good order, or that it was damaged while in the possession of the defendants' agent.

This was an action in which the plaintiff sought to recover the sum of three thousand one hundred and sixty-seven dollars, for certain losses and damages sustained on four different parcels of cotton deposited in the defendants' cotton press.

The defendants pleaded a general denial.

The case is fully stated, and the material facts detailed in the following judgment of the District Court :

" The account sued on contains four items. The first item is for thirty-four bales of cotton received by the press, and delivered out of a large quantity placed in their hands by the plaintiffs. This item is proved, and indeed, was admitted by the counsel of the company. I allow, there-

fore, thirty-four bales of four hundred pounds each, at seven- <span>EASTERN DIST.</span>
teen cents, making the sum of two thousand three hundred <span>*May*, 1837.</span>
and twelve dollars.

"The next item is for loss on cotton delivered back in a
damaged state, viz: five hundred and sixty-seven dollars and
thirty-seven cents. As there is no evidence to prove that the
cotton was delivered in good order, or in any better order than
that in which it was delivered back, this item is rejected.
The cotton arrived in bad order from the boats, and plaintiffs
were bound to show that the cotton was in good order when
delivered, to entitle them to recover for damage.

"The next item is one hundred and twenty-nine dollars for
loss of weight on twelve bales, marked R. C. H., which it is
proved were picked and lessened in weight from fifty to sixty
pounds per bale; if this was a necessary operation it was
incumbent on defendants to prove it, which they have not
done. Fifty-five pounds on twelve bales, equal to six hundred
and sixty pounds, at seventeen cents, amounting to one hun-
dred and twelve dollars and twenty cents, which is allowed.

"The last item of sixteen dollars and seventy-five cents for
picking, repairing, etc., is not proved.

"It is, therefore, considered that the plaintiffs, Brander &
M'Kenna, recover from the Orleans Cotton Press Company,
the sum of two thousand four hundred and twenty-four
dollars, with costs of suit."

From this judgment the plaintiffs appealed.

*Strawbridge*, for the plaintiffs.

*Lockett*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs are appellants from a judgment which
reduces their claim against the defendants. It was composed
of four items; the first related to a number of bales of cotton
which were unaccounted for. An allowance was made at
the rate of seventeen cents per pound, which was the lowest

In doubtful
cases the lowest
sum is the safest
rule to establish
the amount of
loss: So, in al-
lowance of a
claim for loss of

22

EASTERN DIST.

*May*, 1837.

price of the different parcels delivered by the plaintiffs to the defendants. The plaintiffs and appellants complain that the court erred in refusing to allow the average of the prices of the different parcels. This might be correct according to the rule laid down by the poet, *"In medio tutissimus ibis."* The court, however has thought the rule of law the safest, *" In dubiis semper, quod minimum est sequimur."*

It does not appear to us that it erred. It is the duty of the plaintiff to make his claim certain. It does not suffice to make it probable, and he must suffer for the insufficiency of his proof.

The second item was for an alleged loss on cotton delivered back in a damaged state. The court correctly rejected this item; the plaintiffs having failed to show that the cotton was delivered in good order, or to make it appear that it had been damaged while in the defendants' possession.

The two other items were allowed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.